# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**RENATE M. BENHAM,**

     **Plaintiff,**

     **v.**                                   **CA NO. 03-1127 (HHK/JMF)**

**CONDOLEEZA RICE,**

     **Defendant.**

## MEMORANDUM OPINION

This case was referred to me for discovery. Currently pending and ready for resolution are six motions. Each will be considered in turn.

I.     <u>Plaintiff's Motion to Strike Defendant's Defenses for Failure to Provide Discovery, to Compel Defendant's Responsive Answers to Plaintiff's Discovery Demands, and to Extend Plaintiff's Discovery Period, and to Bar Witnesses Not Named in Defendant's 26(a) Discovery and Points and Authorities Thereof</u> [#43]

In two memorandum opinions, Judge Kennedy has set forth the fundamental facts of this case and the procedural history. <u>See</u> <u>Benham v. Rice</u>, No. 03-CV-1127, 2005 WL 691871 (D.D.C. March 24, 2005); <u>Benham v. Powell</u>, Civ. No. 00-2466 (D.D.C. April 13, 2004). Suffice it to say here that one case, 00-2466, involves plaintiff's being transferred by the State Department, at the risk of losing her job, from Seattle to Washington, D.C. The second, 03-1127, is based on the acts of an Assistant United States Attorney who, while representing the government in 00-2466, faxed a certain document to plaintiff at plaintiff's place of employment.

By this motion, plaintiff seeks to compel the defendant's responses to her discovery requests and to bar them from presenting certain defenses or witnesses. As will now be established, however, plaintiff's discovery requests are nearly all overbroad or otherwise

objectionable.

Since plaintiff complains about the defendant's responses to nearly every document request she made and every interrogatory she propounded, I have used the following chart to identify plaintiff's request or interrogatory, the government's objection, my ruling, and the reason for it. Futhermore, as noted at the hearing, it is not the court's function to modify plaintiff's demands so that, as revised, they are reasonable and legitimate.

| # | Summary of Document Request | Summary of Objection | Court's Ruling |
|---|---|---|---|
| 1. | All trial exhibits. | Defendant has not yet decided which exhibits it intends to use but will disclose them once a decision has been made. | Sustained. Under Rule 26(a)(3), defendant must provide plaintiff with certain pretrial disclosures, including a list of the specific exhibits it intends to use at trial. As I explained at the hearing held on plaintiff's motions, she will certainly be provided with a copy of the defendant's exhibits, pursuant to this Rule and to Judge Kennedy's pre-trial order, well in advance of trial. Her demand is therefore premature. |
| 2. | All documents to be used in the defense. | Request is vague and overbroad. Responsive documents are in the ROIs and in the records from the administrative proceedings. | Sustained. See Court's Ruling as to #1. |
| 3. | All documents provided to consultants or experts who will testify at trial. | Defendant has not employed any experts. | Sustained. Obviously, defendant cannot be compelled to produce anything it gave to experts if it does not intend to call any experts. |

| | | |
|---|---|---|
| 4. | All documents generated by consultants or experts that will be used at trial. | Defendant has not employed any consultants or experts. | Sustained.  See Court's Ruling as to # 3. |
| 5. | All documents identified in response to plaintiff's first set of interrogatories. | Responsive documents are in the ROIs and in the records from the administrative proceedings. | Sustained.  If, as defendant represents, the documents it referred to in its response to the first set of interrogatories are in these documents, its answer is sufficient. |
| 6. | All documents relating to the incidents alleged in the complaint. | Relevance.  Request is vague, overbroad, and unduly burdensome.  Responsive documents are in the ROIs. | Sustained.  Again, if, as defendant represents, all the documents relating to the incidents alleged in the complaint are in the ROIs, defendant has answered the request.  Of course, defendant would be precluded from relying on a document that is not in the ROI if it does not make it available to the plaintiff forthwith. |
| 7. | From 1/1/87 - present, all documents relating to complaints made by passport services employees. | Relevance.  Request is vague, overbroad, and unduly burdensome.  Responsive documents contain information protected by the Privacy Act. | Sustained.  As Judge Kennedy indicated, plaintiff was employed by the State Department in 1992 and her transfer occurred in 1995.  Memorandum Opinion at 2. The activities of the Assistant United States Attorney about which she complains in 03-1127 occurred in 2002.  Complaints made about any topic under the sun five years before she began working for the State Department have nothing to do with her case. |

| | | | |
|---|---|---|---|
| 8. | From 1/1/90 - present, all documents relating to employment decisions made as to all passport services employees. | Relevance.  Request is vague, overbroad, and unduly burdensome.  Responsive documents contain information protected by the Privacy Act. | Sustained.  On its face, this would call for the production of every piece of paper in every personnel file of any passport office in the United States insofar as that piece of paper related to any employment decision.  This request is patently overbroad. |
| 9. | All documents relating to the employment of all Seattle passport agency employees, including those documents relating to specified employees, from their date of hire to the present. | Relevance.  Request is vague, overbroad, and unduly burdensome.  Responsive documents contain information protected by the Privacy Act. | Sustained for the same reasons as #8.  Indeed, this one is broader; it requires *all* documents relating to every employee's employment. |
| 10. | From 1/1/87 - present, all documents relating to grievance information about State Department employees, including documents relating to specified employees. | Relevance.  Request is vague, overbroad, and unduly burdensome.  Responsive documents contain information protected by the Privacy Act. | Sustained.  Again, the request seeks documents created before plaintiff even went to work at the State Department to the present day (19 years later), irrespective of the nature of the grievance. The request is patently overbroad. |

| 11. | From 1/1/87 - present, all documents relating to mobility information about all Consular Affairs employees. | Relevance.  Request is overbroad and unduly burdensome.  Responsive documents contain information protected by the Privacy Act. | Sustained.  Again, the period of time for which the documents is sought is 19 years.  At the hearing, plaintiff indicated that "mobility agreements" came into existence in 2000 and that the fact that defendants required such agreements (by which an employee agreed to move at the government's discretion) was relevant to her case in that it represented a change of policy. Transcript of hearing of July 10, 2006 at 50-52.  But, what little probative value that evidence might have is overwhelmed by the burden it would impose on the defendants. |
| 12. | From 1/1/87 - to present, all visit, investigation, and report information relating to specified offices within the State Department. | Relevance.  Protected by the work-product and attorney-client privileges.  Request is overbroad and unduly burdensome. | Sustained.  Again, information about visits to and investigations of offices within the State Department for 19 years, for whatever reason, has no relevance whatsoever to this case. |
| 13. | From 1/1/90 - present, all files, kept in specified locations, relating to all Passport Agency employees. | Relevance.  Request is overbroad and unduly burdensome.  Responsive documents contain information protected by the Privacy Act. | Sustained.  The production of all files for employees for a 15-year period, irrespective of their content, is patently overbroad. |

| 14. | From 1/1/87 - present, all files for Consular Affairs employees containing complaints of workplace dissatisfaction, as maintained by specified offices within the State Department. | Relevance.  Protected by the work-product and attorney-client privileges.  Request is overbroad and unduly burdensome.  Responsive documents contain information protected by the Privacy Act. | Sustained.  The production of all files in a 19-year period for all complaints of workplace dissatisfaction, irrespective of the nature or cause of the dissatisfaction, is patently overbroad. |
|---|---|---|---|
| 15. | From 1/1/92 - present, all documents relating to plaintiff's transfer from the Seattle Passport Agency office, as maintained by specified individuals. | Request is overbroad.  Relevant documents are in the ROIs.  Responsive documents contain information protected by the Privacy Act. | Sustained.  I will hold the government to its representation that all documents relating to her transfer are in the ROIs. |
| 16. | From 1/1/90 - present, all correspondence between specified managers, supervisors, and employees relating to plaintiff. | Relevance.  Request is vague, overbroad, and unduly burdensome.  Relevant documents are in the ROIs. | Sustained.  All correspondence, irrespective of subject matter, would necessarily require the production of documents that have nothing to do with this case. |
| 17. | From 1/1/90 - present, all correspondence between specified managers, supervisors, and employees relating to plaintiff. | Request is overbroad and unduly burdensome.  Responsive documents contain information protected by the Privacy Act. | Sustained, for the same reason as #16. |

| 18. | From 1/1/87 - present, all documents relating to the promotion of all passport office regional directors. | Relevance.  Request is overbroad and unduly burdensome.  Responsive documents were provided during the administrative process. | Sustained.  Again, a request for documents produced in a 19-year period relating to the promotion of every regional director is patently overbroad.  While there is a theoretical possibility that plaintiff might compare herself to a regional director who was treated differently, that possibility cannot justify the breadth of the demand she makes. |
| --- | --- | --- | --- |
| 19. | From 1/1/87 - present, personal and professional information relating to all regional directors. | Request is overbroad and unduly burdensome. Responsive documents contain information protected by the Privacy Act. | Sustained for the same reason as # 18. |
| 20. | From 1/1/87 - present, all documents relating to the supervision of plaintiff. | Request is overbroad and unduly burdensome. Responsive documents are in the ROIs. | Sustained in part.  The government represents that all responsive documents are in the Reports of Investigation.  I will ask it to make sure that there are no documents "relating to her supervision" in the period from 1992-1995 that are not in the ROIs.  If there are, plaintiff must be given them. |

| 21. | From 1/1/87 - present, all documents relating to allegations of plaintiff's incompetence or insubordination. | Request is overbroad and unduly burdensome. Responsive documents were provided during the administrative process. | Sustained in part. Again, I will hold the government to its representation that there are no other documents relating to her incompetence or insubordination other than the ones given her during the administrative process. If the government finds that there are other such documents, it must give them to plaintiff. |
| --- | --- | --- | --- |
| 22. | From 1/1/90 - to present, all correspondence between managers and non-managers about plaintiff. | Request is overbroad and unduly burdensome. | Sustained. All correspondence would by necessity include correspondence that is not relevant to a claim or defense. The request is overbroad. |
| 23. | From 1/1/90 - present, all documents supporting defendant's claim that plaintiff was not retaliated against. | Request is overbroad and unduly burdensome. Responsive documents are in the ROIs and records of the administrative proceedings. | Sustained. Again, I will hold the government to its representation that there are no other responsive documents that are not in the ROIs. If there are, I expect the government to give them to plaintiff. |
| 24. | From 1/1/87 - present, all documents relating to passport services employee complaints. | Relevance. Protected by work-product privilege. Overbroad and unduly burdensome. Responsive documents contain information protected by the Privacy Act. | Sustained. A demand for complaints for a 19-year period, irrespective of the nature of the complaints and the person against whom the complaint was made, is patently overbroad. |

| 25. | From 1/1/90 - present, all documents relating to visits from the OIG to all passport services offices. | Request is overbroad and unduly burdensome. Relevance. | Sustained.  A demand for information about visits by the Office of Inspector General to passport offices all over the United States, irrespective of the reason for the visit, is patently overbroad. |
|---|---|---|---|
| 26. | State Department disciplinary rules and procedures in effect from 1/1/92 - present. | Overbroad.  Information is available at State Department website. | Overruled.  If the information is available on the website for the period in question, 1992-1995, the government will make a printed version available to plaintiff. |
| 27. | All documents in effect from 1/1/95 - 1/1/98 relating to the authority for plaintiff's transfer. | No objection.  These will be provided. | n/a. |
| 28. | All documents to and from regional directors relating to a broad range of specified personnel matters. | Relevance.  Request is overbroad and unduly burdensome. | Sustained. A demand for every document pertaining to personnel matters authored by a regional director anywhere in the United States is patently overbroad. |
| 29. | From 1/1/90 - 1/1/00, copies of work products and status reports provided by plaintiff to specified employees. | Relevance.  Request is overbroad and unduly burdensome. | Overruled.  The government will have to provide to plaintiff any document on which it intends to rely to establish the justification for the act-ions about which plaintiff complains. |
| 30. | Documents relating to a "Three Year Plan" in effect from 1992 - 1995. | Relevance.  Defendant is not aware of such a plan but is still searching. | Sustained.  All documents relating to the "Plan" (whatever it is) are not relevant to a claim or defense. |

| 31. | Documents relating to specified employee policies in effect from 1/1/92 - present. | Request is overbroad. Information is available at State Department website. | Sustained.  A demand for documents pertaining to employee policies, irrespective of the topic, is patently overbroad. |
|---|---|---|---|
| 32. | From 1987 - present, statistics relating to passport production, staff resources, and work transfers. | Relevance.  Request is overbroad and unduly burdensome. | Sustained.  A demand for statistics over a 19-year period is patently overbroad. |
| 33. | From 1/1/96 - present, all documents relating to plaintiff's request for a compassionate transfer. | Documents relating to plaintiff's transfer have already been turned over. Defendant will supplement the response if needed. | Sustained.  Defendant has turned over the relevant documents. |
| 34. | From 1/1/96 - present, all correspondence from State Department employees who have requested transfers and other specified personnel actions. | Relevance.  Request is overbroad and unduly burdensome.  Responsive documents contain information protected by the Privacy Act. | Sustained.  A demand for all requests for transfers and other personnel actions over a 19-year period, when plaintiff complains about a single transfer, is patently overbroad. |
| 35. | All documents relating to plaintiff's request for a compassionate transfer. | See objections to #33. | Sustained.  See Court's Ruling as to #33. |
| 36. | All documents relating to plaintiff's complaint that have not yet been produced. | Request is overbroad, vague and burdensome. Responsive documents and in the ROIs. | Sustained.  I will hold the government to its representation that all records relating to the complaint are in the ROIs. If there are any others, defendant must give them to plaintiff. |

| # | Summary of Interrogatory | Summary of Objection | Court's Ruling |
|---|---|---|---|
| 1(a). | Describe all incidents of discrimination and identify the individuals who committed them. | Employment-related decisions were made for legitimate non-discriminatory reasons. | Sustained.  It is plaintiff's burden to specify her claim, not the government's. |
| 1(b). | Identify persons with knowledge of the actions or incidents identified in response to 1(a). | Interrogatory is vague, unduly burdensome, and overbroad. Employment-related decisions were made for legitimate non-discriminatory reasons. All persons with knowledge were named in the ROIs, the records of administrative proceedings, and defendant's 26(b)(1) disclosure. | Sustained.  It appears to me that the government has answered the question. |
| 1(c). | Identify documents relating to the actions or incidents identified in response to 1(a). | Interrogatory is vague, unduly burdensome, and overbroad. Employment-related decisions were made for legitimate non-discriminatory reasons. All persons with knowledge were named in the ROIs and the records of administrative proceedings. | Sustained.  Again, I will hold the government to its representation that all pertinent documents are contained in the ROIs and oblige it to produce any others of which it is aware. |

| | | | |
|---|---|---|---|
| 1(d). | State facts relied upon in support of defense that actions or incidents identified in response to 1(a) were not unlawful. | Interrogatory is vague, unduly burdensome, and overbroad. Employment-related decisions were made for legitimate non-discriminatory reasons. | Sustained in part. As I read the government's response, it has answered this interrogatory by indicating why it made the decision it did. In an abundance of caution, I will require it to state the specific facts upon which it will rely to establish the bases for its legitimate, non-discriminatory reasons. |
| 2. | With regard to plaintiff's complaints of discrimination, identify individuals similarly situated to plaintiff. | Interrogatory is vague. No other directors were similarly situated. | Sustained. Since plaintiff does not indicate a specific characteristic, it is impossible to state who is similarly situated to her. |
| 3. | Indicate whether specified individuals were involved in any litigation and provide detailed information about the lawsuits. | Interrogatory is overbroad and unduly burdensome. Responsive documents contain information protected by the Privacy Act. | Sustained. Lawsuits of any kind would include landlord-tenant, divorces and dog bites. The request is patently overbroad. |
| 4. | Identify lawsuits filed against specified individuals and provide detailed information about the lawsuits. | Interrogatory is overbroad and unduly burdensome. Responsive documents contain information protected by the Privacy Act. | Sustained for the same reason as # 3. |
| 5. | Identify whether any documents responsive to plaintiff's first document request have been destroyed and explain why they were destroyed. | As to requests that defendant has not objected to, defendant will attempt to discern whether responsive documents have been destroyed. | Granted, insofar as I expect the government to finish its investigation into whether any documents were destroyed promptly and report its result to plaintiff. |

| 6. | Identify all witnesses including experts and provide summaries of their expected testimony. | Protected by the work-product privilege. Witnesses were named in defendant's 26(a)(1) disclosure. | Sustained.  The government will be held to the witnesses it named in its initial disclosure and has represented that it will not be calling any experts. For the consequences to the government of not supplementing its initial disclosure with new witnesses and documents, see Coles v. Perry, No. 01-CV-732, 2002 WL 1263979 (D.D.C. June 7, 2002). |
| --- | --- | --- | --- |
| 7. | Identify persons with knowledge of facts supporting defendant's defense. | Individuals were named in the ROIs, the records of administrative proceedings, and defendant's 26(a)(1) disclosure. | Sustained.  The government has answered this interrogatory. |
| 8. | Identify documents relating to the complaint and indicate whether and under what circumstances they have been destroyed. | Responsive documents were identified in the ROIs and records of administrative proceedings. | Sustained because (a) the government appears to me to have answered this interrogatory and (b) insofar as it demands documents relating to plaintiff's prolix compliant, other than those already appearing in the ROI and the administrative proceedings, it is overbroad. |
| 9. | Identify individuals who provided written and oral statements relating to the complaint and provide information about those statements. | Responsive documents were identified in the ROIs and records of administrative proceedings. | Sustained because, as I read the government's answer, it is stating that the only statements of such people are in the ROIs and records of administrative proceedings and that is a sufficient answer. |

| 10. | Provide information about each expert witness that will testify at trial. | Defendant does not, at this point, intend to call an expert witness. | n/a. |
|-----|---------------------------------------------------------------------------|----------------------------------------------------------------------|------|
| 11. | Identify facts that support the defense. | Responsive facts were identified in the ROIs and records of administrative proceedings. | Sustained in part, with the understanding that (as indicated above) the government will state specifically what facts support its defense that plaintiff's transfer was for a legitimate business reason. |
| 12. | Provide a description of all allegations of discriminatory behavior made against defendant. | Protected by the work-product privilege. Responsive facts were identified in the ROIs and records of administrative proceedings. | Sustained.  The government has no obligation to characterize its own behavior as discriminatory. |
| 13. | Explain why Mary Ryan left the State Department. | Relevance.  Ryan retired. Responsive information protected by the Privacy Act. | Sustained.  The government, by indicating that Ryan retired, appears to me to have answered the question. |
| 14. | From 1/1/87 - present, for all passport offices, provide information about mobility agreements. | Interrogatory is overbroad and unduly burdensome. | Sustained for the reasons stated above in my ruling as to request for production of documents #11. |
| 15. | From 1/1/87 - present, identify all individuals at the GS-14 and GS-15 levels who came or left the Bureau of Consular Affairs, including those who were transferred. | Interrogatory is overbroad and unduly burdensome. | Sustained.  A demand for information about people leaving a government office in a 19-year period for whatever reason is patently overbroad. |

| 16. | From 1/1/90 - present, list all employment related actions taken with respect to employees of the Seattle Passport Agency and all regional directors. | Interrogatory is overbroad and unduly burdensome. Responsive information protected by the Privacy Act. | Sustained. A demand for information about "employee related actions" for a 15-year period when there is no showing that the information bears in any way on plaintiff's case is patently overbroad. |
|-----|-----|-----|-----|
| 17. | From 1/1/92 - present, provide names and other information about all parties involved in plaintiff's transfer. | Responsive information was provided in the ROIs and records of administrative proceedings. | Sustained, with the understanding that there are no other persons involved in plaintiff's transfer other than those identified in the ROIs and the administrative proceedings. |
| 18. | Describe the "position upgrade management plan." | Defendant will provide a response shortly. | I expect the government to do so promptly. |
| 19. | Provide all communications relating to the complaint. | Interrogatory is vague, overbroad, and unduly burdensome. Responsive information was provided in the ROIs and records of administrative proceedings. Protected by attorney-client and work-product privileges. | Sustained. A demand for all communications pertaining to plaintiff's prolix complaint irrespective of the nature, time and purpose of the communication is patently overbroad. |

II.    Plaintiff's Motion to Stay Deposition and Points and Authorities Thereof [#47]

By this motion, plaintiff seeks to stay her deposition, pending resolution of Plaintiff's Motion to Strike Defendant's Defenses for Failure to Provide Discovery, to Compel Defendant's Responsive Answers to Plaintiff's Discovery Demands, and to Extend Plaintiff's Discovery Period, and to Bar Witnesses Not Named in Defendant's 26(a) Discovery and Points and Authorities Thereof [#43]. I have now resolved that motion and this motion will therefore be denied as moot. I have ordered some minor supplementation of the government's answers. I

expect the government to provide that supplementation as soon as it can.  As soon as it does, the government may take plaintiff's deposition.

III.   Defendants' Memorandum of Points and Authorities in Support of Motion for
       Independent Medical Examination and to Compel Production of Healthcare Records
       ("Defs. IME Mot.") [#53]

In this motion, defendant first moves to compel plaintiff to submit to an independent medical examination ("IME"), arguing that under Rule 35 of the Federal Rules of Civil Procedure, plaintiff has placed her mental condition in controversy and that there exists good cause for such an examination. Defs. IME Mot. at 3.  Defendant also moves to compel the production of certain healthcare records.

In opposing defendant's motion for an independent medical examination and in seeking a protective order, plaintiff argues that her claim of emotional distress is insufficient to compel an independent medical examination or the production of plaintiff's medical records. Plaintiff's Opposition to Motion for Independent Medical Examination and Plaintiff's Motion for a Protective Order ("Plains. IME Opp.") at 1.  Plaintiff argues that the information is privileged and irrelevant and that she has not placed her medical condition at issue. Id. at 2.  According to plaintiff, she is only making "garden variety" claims of emotional pain, suffering, inconvenience and mental anguish. Id. at 4.  Plaintiff further indicates that to the extent she previously made claims of alleged physical and emotional harm, she is now withdrawing them. Id.

.      I recently described at length a movant's burden when seeking an IME under Rule 35(a):

> When moving for an IME under Rule 35(a), the movant must
> establish that the "mental or physical condition . . . is in
> controversy" and that there is "good cause" for the motion to be
> granted and the party to be submitted for an IME. Fed.R.Civ.P.
> 35(a).  "A plaintiff in a negligence action who asserts a mental or

> physical injury places that mental or physical injury clearly in
> controversy and provides the defendant with good cause for an
> examination to determine the existence and extent of such asserted
> injury." Schlagenhauf v. Holder, 379 U.S. 104, 119, 85 S.Ct. 234,
> 13 L.Ed.2d 152 (1964) (citation omitted).  In some situations, the
> pleadings alone may place the condition in controversy. Id.
>
> The standard for "good cause" is not as clear because "what may be
> good cause for one type of examination may not be so for another."
> Id.  The movant's ability to obtain the desired information by
> means other than an IME is also relevant to the "good cause"
> analysis. Id.  When the submission of a party to an IME is
> contested, granting the order to submit to the examination is not a
> matter of right but is left to the sound discretion of the trial court.
> Smith v. Koplan, 215 F.R.D. 11, 12 (D.D.C. 2003) (citations
> omitted).
>
> In addition to the "in controversy" and "good cause" requirements,
> Rule 35(a) demands that the movant "specify the time, place,
> manner, conditions, and scope of the examination and the person
> or persons by whom it is to be made." Fed.R.Civ.P. 35(a).

Doe v. District of Columbia, 229 F.R.D. 24, 26 (D.D.C 2005).

In Smith v. Koplan, I held unequivocally that "an employee who seeks compensatory

damages for emotional pain suffered as a result of employer's action has placed the existence and

extent of their alleged mental injury in controversy, giving the employer good cause to seek

examination." Id. at 13 (citing Shepherd v. Am. Broadcasting Co., Inc., 151 F.R.D. 194, 212-13

(D.D.C. 1993) and Gattegno v. Pricewaterhousecoopers, LLP, 204 F.R.D. 228 (D.Conn. 2001)).

While I am aware that my views are in the minority,[1] for the following reasons I adhere to them

---

[1] See Fox v. The Gates Corp., 179 F.R.D. 303, 307 (D. Col. 1998) ("The majority of
courts, however, will not require a plaintiff to submit to a medical examination unless, in
addition to a claim for emotional distress damages, one or more of the following factors is
present: (1) plaintiff has asserted a specific cause of action for intentional or negligent infliction
of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder;
(3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert
testimony in support of her claim for emotional distress damages; and (5) plaintiff concedes that

nonetheless.

To divide claims, as plaintiff would have me do, between those that only allege "garden variety" emotional distress and those that allege a specific or severe form of emotional distress is no more than a game of semantics and has nothing whatsoever to do with defendant's obligation to show good cause for the ordering of an IME.  In other words, no matter what changes plaintiff makes to the wording of her two complaints, the underlying truth remains: plaintiff seeks compensatory damages for the emotional pain she claims to have suffered as a result of defendant's actions.  Without the information obtained through a court-ordered IME, defendant would have no means to rebut plaintiff's claims.  I cannot fairly deprive defendant of the opportunity to examine plaintiff's claims of emotional distress from a scientific vantage point.  In other words, defendant has the right to challenge plaintiff's claim that she was harmed and that defendant was the source of that harm.  To preclude defendant from being able to mount its defense in this manner would be to allow plaintiff to unilaterally determine which evidence will and which evidence will not be admissible.  The defendant is no more bound by plaintiff's articulation of the issues in this case at it would be in any other case.

Having so concluded, I therefore continue to follow the line of reasoning articulated by those cases that recognize defendants' need to utilize the data obtained from an IME in their

---

her mental condition is 'in controversy' within the meaning of Fed. R. Civ. P. 35(a).") (citations omitted); Turner v. Imperial Stores, 161 F.R.D. 89, 97 (S.D. Cal. 1995) ("This court concludes that 'emotional distress' is not synonymous with the term 'mental injury' as used by the Supreme Court in Schlagenhauf v. Holder for purposes of ordering a mental examination of a party under Rule 35(a), and specifically disagrees with those few cases holding that a claim for damages for emotional distress, without more, is sufficient to put mental condition 'in controversy' within the meaning of the Rule.  If this were the law, then mental examinations could be ordered whenever a plaintiff claimed emotional distress or mental anguish.  Rule 35(a) was not meant to be applied in so broad a fashion.").

defense of claims for compensatory damages for emotional distress.  See Jansen v. Packaging Corp. of America, 158 F.R.D. 409, 410 (N.D. Ill. 1994) ("There is no question that by advancing such intangible harms as a component of her damages claim Jansen has not only placed her mental condition 'in controversy' but has confirmed the existence of 'good cause' for [defendant's] motion . . . ") (citation omitted); Smedley v. Capps, Staples, Ward, Hastings and Dodson, 820 F. Supp. 1227, 1232 (N.D. Cal. 1993) (holding that plaintiff's intent to present evidence of "normal" emotional distress warrants the ordering of an IME so that defendants can refute such evidence); Zabkowicz v. West Bend Co., 585 F. Supp. 635 (E.D. Wisc. 1984) ("Because the plaintiffs allege emotional distress, an examination by a nominee of the defendants is appropriate.").

IV.  Plaintiff's Motion to Compel Production of Privilege Logs and to Compel Production of Documents for In Camera Inspection and Points and Authorities Thereof [#57]

Plaintiff, whether pro se or not, should be more careful in the representations she makes to the court.  She stated that the government claims a privilege for "almost every one of its responses to Plaintiff's requests for discovery." Plaintiff's Motion to Compel Production of Privilege Logs and to Compel Production of Documents for In Camera Inspection and Points and Authorities Thereof at 2.  In fact, the government claimed the work-product and attorney-client privileges in response to Request for Production of Documents 12, 14, and 24.  In any event, I have sustained the government's objections to these two requests and the motion will therefore be denied as moot.

V.  Plaintiff's Opposition to Motion for Independent Medical Examination and Plaintiff's Motion for a Protective Order [#60]

For the reasons stated in subsection III, this motion, seeking a protective order against the

independent medical examination I am permitting, will be denied.

VI.   Plaintiff's Motion to Amend Claims Relating to Physical and Emotional Harm [#61]

This motion will be granted with the understanding that, if granted, it will not be

permitted to revive any claim that Judge Kennedy has dismissed.

VII.   Defendant's Motion to Strike, Or, In the Alternative, Reply in Support of Motion for An
Independent Medical Examination [#64]

This motion, claiming that plaintiff's opposition to the government's motion to compel

plaintiff's independent medical examination was filed late, will be denied as moot since I have

resolved that motion in the government's favor.

VIII.   Defendant's Motion for Protective Order [#73]

This motion will be denied without prejudice because it is unclear at this point whether

the defendant, in complying with the order I am now issuing, will have to produce any additional

documents subject to the Privacy Act.

IX.   Plaintiff's Motion for Sanctions and Reply to: Defendant's Response to Order to Submit
Document for In-Camera Inspection and Defendant's Motion for a Protective Order [#75]

This motion, premised on the defendant's not producing privileged documents for my

evaluation, will be denied.  As the defendant correctly points out, it was appropriate for the

defendant to await my ruling on its objection and plaintiff's motion to compel before complying

with my order because, until I ruled, it was impossible for the defendant to know what

documents, if any, it had to produce and which, if any, were privileged.  There is therefore

nothing in the government's behavior in this case that warrants any sanctions whatsoever.  This

motion will be denied.

**CONCLUSION**

20

An Order accompanies this Memorandum Opinion.


_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: